CITY OF AUGUSTA *vs.* AUGUSTA WATER DISTRICT.

Kennebec.    Opinion February 7, 1906.

*Augusta Water District. Public Municipal Corporation. Exemption from Taxation. Special Laws, 1903, c. 334, Special Laws, 1905, c. 4 ; R. S. 1883, c. 46, § 55. R. S., c. 9, § 6, cl. I ; c. 47, § 96.*

The Augusta Water District is a public municipal corporation, and by virtue of Revised Statutes, chapter 9, section 6, its property, appropriated to public uses, is exempt from municipal taxation.

On report.    Judgment for defendant.

Action of debt to recover taxes assessed against the defendant by the City of Augusta for the municipal years of 1904 and 1905. The facts were agreed upon by the parties and the case reported to the Law Court.

The case is stated in the opinion.

*W. H. Fisher,* for plaintiff.

*Heath & Andrews,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

SAVAGE, J.    Action to recover taxes assessed in the years 1904 and 1905.

The Augusta Water District was created a body politic and corporate by chapter 334 of the Private and Special Laws of 1903. It embraced the territory and people within seven of the eight wards in

the city of Augusta.  It was created "for the purpose of supplying
the inhabitants of said district and of the towns of Chelsea, Vassal-
borough, China and Manchester, and such municipalities, together
with the city of Augusta, with pure water for domestic and municipal
purposes."  By the original charter and by the supplementary act,
chapter 4 of the Private and Special Laws of 1905, it obtained the
right of eminent domain for taking land, water and water rights,
including the plant of the Augusta Water Company.  It also
obtained the right to lay its pipes and aqueducts in the public streets.
The charter provided that all the affairs of the district should be
managed by a board of trustees, composed of three members to be
chosen by the municipal officers of the city of Augusta, and to this
board of trustees was given the power to ordain and establish neces-
sary by-laws.  For the accomplishment of the purposes of its charter,
the district was authorized to issue its bonds, which were declared to
be a legal obligation of the district, and the district itself was
declared to be a quasi municipal corporation, within the meaning of
R. S., 1883, ch. 46, sect. 55, which provides that "the property of
the inhabitants of counties, towns, cities and other quasi corporations
may be taken to pay any debt due from the body politic, of which
they are members."  The board of trustees was authorized to
establish rates for water, to provide revenue to pay running expenses,
and for extensions and renewals, to pay the interest on the indebted-
ness of the district, and to provide for a sinking fund.  If any sur-
plus remained, it was to be paid to the city of Augusta.  The
charter was to take effect only when approved by a majority vote of
the legal voters within the district, voting at an election specially
called for that purpose.

By proceeding under its right of eminent domain, the defendant
has acquired the entire plant, franchises and other property of the
Augusta Water Company.  It is admitted that all the property
described in the assessments was acquired through such eminent
domain proceedings, and that the property so assessed was and is
used by the defendant in performing its duties under its act of incor-
poration, and that all of it, when assessed, was necessary for such
use.

The sole question presented by the case is whether the defendant's property, so assessed, was legally taxable by the City of Augusta in either of the years 1904 or 1905. The defendant contends that it was not, on the grounds, (1) as to 1904, that the title to the property had not vested in it on April 1, 1904; (2) that, in the absence of statute authority, the property of one public municipal corporation, which it claims itself to be, cannot lawfully be taxed by another; and, (3) that its property is expressly exempted from taxation by R. S., ch. 9, sect. 6, which provides that "the property of any public municipal corporation of this state, appropriated to public uses" is exempt from taxation. In our opinion a consideration of the last contention will dispose of the whole case.

No question is raised but that the statute referred to is constitutional, and we think none can be raised successfully. The only matter of inquiry remaining is whether the defendant is a public municipal corporation within the meaning of the statute. If it is, its property is exempt, of course, from municipal taxation.

It is beyond question that the state, in the exercise of its governmental powers, may create subdivisions of its territory and people, and impose upon the subdivisions the performance of public duties for the good and welfare of the people. Such subdivisions are merely the instrumentalities or agencies appointed by the state to fulfil some part of its own functions, within a limited territory. They are public instrumentalities, or agencies, both because they are doing the state's proper work, and because they are concerned with public uses for the general public benefit. Among the public functions which the state thus assigns to such agencies are commonly those relating to the education of children, the construction and maintenance of ways, and of drains and sewers, the maintenance of good order, the furnishing of protection against fires, and, undoubtedly, the furnishing a supply of pure water for domestic and public purposes. Among the public agencies to which is committed the duty of performing these public functions are cities and town, village corporations, fire districts, water districts, and formerly, in this state, school districts. These territorial subdivisions may be conterminous with city or town limits, or they may embrace more or less than the territory of a city or town.

The character of a subdivision depends not upon the limits of its terri-
tory, but upon the nature of its public duties, whether municipal or not.
For the term municipal relates not only to a town or city, as a terri-
torial entity, but it also pertains to local self-government in general,
and in a broader sense to the internal government of a state.   Stan-
dard Dictionary, Municipal.   A town or city is wholly a creature of
the state, and wholly subservient to the state, and for that reason is
not strictly a municipal corporation, as interpreted by the common
law.   It is rather a quasi municipal corporation.   *Hooper* v. *Emery*,
14 Maine, 375; R. S., ch. 47, sect. 96; *Riddle* v. *Proprietors*, 7
Mass. 169.   Nevertheless, a city or town is a municipality, and in
this state, and so in all New England at least, it is, in common par-
lance, and by general understanding, a municipal corporation.   1
Dillon Municipal Corporations, 4th Ed. sect 20.   It is a *public*
municipal corporation, for being a municipal corporation, it is, ex vi
termini, necessarily a public one.   It performs public municipal
duties.

But if the education of children, the care of roads, the furnishing
of fire protection, and of water for domestic and public purposes, are
public municipal functions, when performed by cities or towns, it is
difficult to see why they should be otherwise, when performed by
local subdivisions of territory and people, greater or smaller than a
city or town.   A body politic and corporate, created for the sole
purpose of performing one or more municipal functions, is a quasi
municipal corporation, and as we have said, in common interpreta-
tion, is deemed a municipal corporation.   The phrase " municipal
corporation" is now generic, and, we think, it should be held to
include municipal corporations proper, and such quasi municipal cor-
porations, as cities, towns, school districts, water, fire and other
municipal districts.   That it is to be so held has been recognized
again and again in this state.   In *Camden* v. *Camden Village Cor-
poration*, 77 Maine, 530, it was held that a village corporation or
district was one of the means or instrumentalities created and used
by the state in the exercise of its governmental functions, and that
possessing and exercising those powers of a public character usually
pertaining to *" other municipal corporations,"* such as cities and

towns, its property appropriated to public uses was not taxable by the town within whose limits, the property was situated.  In *Kennebec Water District.* v. *Waterville,* 96 Maine, 234, a water district in all essential respects similar to the defendant, was declared to be a quasi municipal corporation.  The court said:  "It is created not only a body corporate, but also a body politic.  Its purposes are purely public.  It is invested with the power and charged with the duty of furnishing the territory and the people within its limits a supply of water.  Its purposes and duties in this respect are as extensive as could be conferred by the legislature upon a municipality.  It is an agency, so far as supplying water is concerned, in municipal government."  So in *Mayo* v. *Dover & Foxcroft Village Fire Company,* 96 Maine, 539, the defendant, which was in reality a fire and water district, and which was incorporated and authorized to raise money for fire protection and for a supply of water for fire and other municipal purposes, was denominated a public corporation, also a municipal corporation.  And so treating it, its power, under an act of the legislature, to purchase and pay for, by money raised by taxation or otherwise, an existing water works system for the purpose of supplying water for its own municipal wants and for the domestic use of its own inhabitants, was upheld on the ground that the sovereign power of the state may authorize a municipal corporation, as one of the agencies of government, so to do.

And in this connection, it should not be overlooked that the legislature in section 9 of the charter has expressly classed the defendant among the quasi public corporations, like cities and towns, the property of whose inhabitants may be taken to pay the debts of the body politic, as provided in R. S., 1883, ch. 46, sect. 55; R. S., 1903, ch. 47, sect. 96.

Elsewhere, the courts have used the term municipal corporation as applicable to a county, *Tippecanoe County* v. *Lucas,* 93 U. S. 108; an irrigation district, In re Madeira Irr. Dist. 92 Cal. 296; 27 Am. St. Rep. 106; a park district, 51 Ill. 37; a sanitary district, *Wilson* v. *Trustees,* 133 Ill. 443; to commissioners of public ponds, *St. Louis* v. *Shields,* 62 Mo. 247; a park commissioner, 63 Minn. 125, and many others.

We do not think it necessary to discuss the specific clauses in the defendant's charter showing that its purposes and powers were both public and municipal.   Construing the charter as a whole, it clearly follows from what we have already said that the defendant district is to be regarded as a public, municipal corporation, and we hold that it is such within the meaning of R. S., ch. 9, sect.6, cl. I, exempting the property of such corporations, when appropriated to public uses, from municipal taxation.   The taxes in question were assessed in disregard of that statute, and this action to recover them cannot be maintained.

*Judgment for the defendant.*