WAPELLO COUNTY, IOWA, appellee, v. DONALD E. WARD, appellant.

No. 51738.

(Reported in 136 N.W.2d 249)

H. S. Life, of Oskaloosa, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Samuel Erhardt, Wapello County Attorney, for appellee.

THOMPSON, J.—The defendant is aggrieved by his conviction and the following judgment and sentence upon a charge of violation of a provision of the Wapello County zoning ordinance. Upon this appeal he assigns two errors: 1, that the information upon which he was tried was not endorsed "A True Information" and did not contain a list of the names of the witnesses by whom the State proposed to prove its case; and 2, the delegation of the power to make criminal laws to the county through its board of supervisors was unconstitutional; only the legislature may make laws which define and provide punishment for crimes; and no such crime as alleged in the information against this defendant exists in the State of Iowa.

I. The information upon which the defendant was tried is set out:

"INFORMATION

| WAPELLO COUNTY | IN THE |
|---|---|
| against | MUNICIPAL COURT |
| Donald E. Ward | of the CITY OF |
| Defendant. | OTTUMWA, IOWA |

The Defendant is accused of the crime of Violating Section Article 19 - Section A of the Zoning Ordinance of Wapello County, Iowa for that the said defendant did unlawfully, and willfully start building a residence without first obtaining a building permit.

Contrary to the form of Ordinances in such cases

made and provided and against the peace and dignity of said Wapello County Iowa.

/s/ Ed S. McMillin, Zoning Adm."

Article 19, section A, of the Wapello County zoning ordinances is also quoted:

"It shall be unlawful to do any excavating, erecting, constructing, reconstructing, enlarging, altering, or moving of any building or structure until a zoning certificate shall have been issued by the Zoning Administrator. It shall also be unlawful to change the use or occupancy of any building, structure, or land from one classification to another, or to change a nonconforming use without the issuance of a zoning certificate."

On this appeal it is not contended that there was not a jury question that the defendant had violated the section last above set forth. Article 20, following, provides the penalties for such violation. Following a jury verdict of guilty the trial court sentenced the defendant to pay a fine of $50, which is within the limits of the penalty fixed.

We find no merit in the contention that the information should have been labeled a true information, and that the names of the witnesses should have been endorsed thereon. The charge, whether lodged under section 358A.26 of the 1962 Code or the penalty provided in Article 20 of the zoning ordinance is a nonindictable misdemeanor. Code sections 762.1 to 762.5 inclusive set out the manner of commencing this type of action before a justice of the peace and do not require either the endorsement of the words "A True Information" or the names of the witnesses. Section 602.15 provides that the municipal courts shall have the jurisdiction of justices of the peace for the trial of misdemeanors, and section 602.38 that such charges shall be tried in the same manner as in justice courts.

It is also to be noted that this question was not raised on the trial below nor was it alleged as one of the grounds in the demurrer which was filed.

II. The substantial and difficult question in the case turns upon the second assigned error, which substantially charges that the delegation of power to the county to enact zoning ordinances

and impose criminal penalties for their violation is illegal; that the power may not be delegated, but only the legislature may enact criminal laws and it may not delegate its power to governmental subdivisions. As a corollary proposition, the question arises whether, if such power to delegate exists, the legislature has empowered counties to exercise it.

Municipal corporations in the broad sense are generally thought to be cities and towns. Their power to enact ordinances and provide punishment for their violation is so well understood and established that an extended discussion is needless. We have in Goodlove v. Logan, 217 Iowa 98, 102, 251 N.W. 39, 41, cited with approval this quotation from State v. Larson, 10 N. J. Misc. 384, 160 A. 556, 557: "The only exception to this [separation of executive, legislative and judicial powers] is in the case of municipal corporations, which from time immemorial have been authorized to exercise legislative functions at common law, such common-law rule and historical fact being deemed a condition implied in the Constitution * * *." Attention should be paid to Code section 366.1, which empowers municipal corporations to enact ordinances and to enforce obedience to their provisions by fines or imprisonment.

The decisive question is then whether a county is a municipal corporation which may be empowered to enact ordinances and to provide criminal penalties for their violation. Section 358A.26, supra, makes the violation of a county zoning ordinance a misdemeanor, punishable under State law. But the charge in the case at bar was quite evidently brought under the provisions of the county ordinance. It was brought in the name of Wapello County rather than of the State of Iowa, and concludes "Contrary to the form of Ordinances in such cases made and provided and against the peace and dignity of said Wapello County Iowa." It was the "peace and dignity" of Wapello County rather than of the State which was alleged to have been offended.

The enactment of zoning ordinances by the various counties is provided for in chapter 358A, Code of 1962. We have upheld the constitutionality of these laws in Gannett v. Cook, 245 Iowa 750, 756, 61 N.W.2d 703, 707. We were not there concerned with

the power of the counties to impose criminal penalties for violations. But there is significant language in the opinion which we quote:

"Although a county is distinguishable from a municipal corporation, it is treated the same in such legislation as is here involved and the same rules that would govern the legislative authority of a municipal corporation under a zoning law would govern a county."

See also City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 184 N.W. 823, 188 N.W. 921, 23 A. L. R. 1322.

Counties, townships, school districts, irrigation districts, drainage districts and other similar governmental bodies have long been known to the law, but their exact status in Iowa at least has been defined only in regard to certain specific purposes. They have been recognized as "quasi municipal corporations", and the statement has frequently been made that they are not true municipal corporations. Boyer v. Iowa High School Athletic Association, 256 Iowa 337, 339, 127 N.W.2d 606, 607, and citations. In the Boyer case we seem to have at least implied that the substantial difference is that a true municipal corporation is "more amply endowed with corporate functions". This, we think, points up the only real difference between true and quasi municipal corporations, so far as the question involved in the present case is concerned. Generally the functions of the latter are more special and limited; they are organized for a particular purpose and do not enjoy the general powers of true municipalities. "Quasi" means analogous to, or resemblance. So a "quasi corporation" is analogous to, or resembling, a true corporation. We think the true relationship between what we have known as "true" municipal corporations and "quasi" municipal corporations is shown by certain authorities from other jurisdictions which we find in point in the case before us.

In Pacific Gas & Electric Co. v. Sacramento Municipal Utility District, 9 Cir., 92 F.2d 365, 370, it is held:

" 'Municipal corporations, whether organized under special charters or general laws, derive these particular powers from the same legal sources as those which provide for the organization of quasi municipal corporations such as that provided for in this

act, and we can perceive no real distinction between the organization of a municipal corporation, strictly so-called, for the carrying forth of the purposes usually committed to such governmental agencies and the organization under legislative sanction of such other governmental agencies as municipal water districts or public utility districts or metropolitan water districts, which, while these may not exercise all of the functions committed to municipal corporations, strictly so-called, *are empowered to exercise certain of these functions which have come to be recognized as at least quasi governmental in character.'* "

The Supreme Court of Colorado has said: "* * * a quasi-municipal corporation is not a true municipal corporation having powers of local government, but is merely a public agency endowed with such of the attributes of a municipality as may be necessary in the performance of its limited objective." City of Aurora v. Aurora Sanitation District, 112 Colo. 406, 411, 149 P.2d 662, 664.

From City of Augusta v. Augusta Water District, 101 Maine 148, 151, 63 A. 663, 664, we quote:

"A body politic and corporate, created for the sole purpose of performing one or more municipal functions, is a quasi municipal corporation, and as we have said, in common interpretation, should be deemed a municipal corporation." This was cited with approval in Woodward v. Livermore Falls Water District, 116 Maine 86, 89, 100 A. 317, 319, L. R. A. 1917D 678.

We conclude that the term "quasi municipal corporation" is to some extent a misnomer, insofar as its use implies that the governmental body to which it is applied may not have in some respects the status of a true municipal corporation. This means that a county, or school district, or township, or similar governmental creation is, in fact, a municipal corporation in carrying out the purposes, generally limited, for which it was formed, or with which it may be later endowed. It is the limited character of its powers which distinguishes it from cities and towns with their general governmental authorities.

III. We have held that school districts may exercise legislative functions. Davies v. Monona County Board of Education, 257 Iowa 985, 993, 135 N.W.2d 663, 667; Green v. Webster

County Board of Education, 253 Iowa 1198, 1200, 115 N.W.2d 856, 857; Grant v. Norris, 249 Iowa 236, 254, 85 N.W.2d 261, 271. In so doing we have impliedly recognized that a school district, a form of "quasi municipal corporation", is in fact a municipal corporation so far as that it may legislate for the limited purposes for which it was created.

 In the case before us the county is given express power to enact zoning ordinances. It is a municipal corporation for this purpose; and if this is so, as we hold, it comes within the purview of section 366.1, supra, which gives municipal corporations power to enforce obedience to their ordinances by a fine not exceeding one hundred dollars or by imprisonment not exceeding thirty days. The penalties provided in the county zoning ordinance are in accord with this statute. Additionally there is this from City of Des Moines v. Reiter, 251 Iowa 1206, 1211, 102 N.W.2d 363, 367: "Municipalities are given the express power to install and operate parking meters. * * * This clearly implies the power to enforce parking meter restrictions by imposing reasonable penalties upon violators."

We do not by this decision in any manner intend to overrule our previous decisions which define the powers, rights, liabilities or immunities of governmental bodies which we have termed "quasi municipal corporations". Our holding is limited to the specific point that they may, in some respects and for the limited purposes for which they are organized or which they may be later given, be in fact municipal corporations and for those purposes are to be treated as such.

 IV. Some complaint is made that the ordinance violation is not charged with sufficient definiteness. The point is not argued, however, and we think the information sufficiently advised the defendant of the acts which the prosecution charged constituted a violation of the ordinances, and that the information did in fact charge a criminal offense. We have searched the record and find no error.—Affirmed.

All JUSTICES concur except LARSON, J., who dissents.

LARSON, J.—I am unable to follow the majority in its effort to find a delegation of power to counties to enforce zoning regu-

lations and to impose criminal penalties for violation thereof, and must respectfully dissent.

Certainly the legislature did not contemplate any such delegation. That it knew how to accomplish a proper delegation, had it so desired, cannot be questioned. Title XV of the Code relates to cities and towns, not counties or school districts. Chapter 366 in Title XV, and especially section 366.1, clearly spell out the power to enact ordinances and "enforce obedience" thereto, by the means of fines and imprisonments, to cities and towns.

No such delegation of power is found in chapter 358A. Indeed the penalty section, 358A.26, specifically provides the violation of this chapter shall constitute a misdemeanor and provides the punishment of "a fine of not more than one hundred dollars or by imprisonment of not more than thirty days."

Thus I believe the offense here, if any, was a violation of a State law, even though there may have also been a violation of a regulation or restriction properly adopted under the chapter. Nowhere in this chapter is there even an implication of enforcement power delegated to the county under which it could enforce its own regulations or ordinances such as is found in chapter 366 of the Code. The charge, therefore, should have been the State of Iowa v. Ward, etc. To extend such enforcement powers by implication is surely wrong and, to me, opens Pandora's box in the field of enforced obedience by any government subdivision which has been granted rule-making authority. I would reverse.