**STATE of Iowa, Appellee,**

v.

**Marvin BATES, Appellant.**

**No. 64428.**

Supreme Court of Iowa.

May 13, 1981.

Walter J. Conlon, J. Michael Metcalf and William S. Beneke, of Mealy, Metcalf & Conlon, Muscatine, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin, Asst. Atty. Gen. and Jay T. Schweitzer, Louisa County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE and LARSON, JJ.

ALLBEE, Justice.

Defendant Marvin L. Bates was convicted of operating a salvage yard in violation of section 4.26 of the Louisa County Zoning Ordinance, which provides for the amortization of nonconforming uses. On appeal, he contends section 4.26 is invalid for the following reasons: (1) a provision eliminating nonconforming uses is not authorized by the applicable enabling legislation; and (2) the provision is unconstitutional both facially and as applied to defendant.

The operative facts underlying this appeal are undisputed. Beginning in 1958 and

continuing until the present, defendant operated a salvage yard business in Louisa County. The county adopted a zoning ordinance in 1971, which was amended one year later to include section 4.26, the provision upon which this case is centered. That section provides as follows:

4.26  *Cessation of nonconforming use*

Notwithstanding any other provisions of this ordinance. .

a. Any automobile wrecking or junk yard in existence in a district in which it is nonconforming, prior to the effective date of this amended ordinance, shall within five (5) years from such date become a prohibited and unlawful use and shall be discontinued.

Defendant was charged under this provision, and on September 21, 1979, was convicted in the Louisa County magistrate's court. That ruling was subsequently appealed to the district court, where it was affirmed on December 20, 1979. Application was then made for discretionary review, which this court granted. *See* Iowa R.App.P. 201–03.

Initially, defendant raises the question of the county's power to mandate the elimination of nonconforming uses. In this context, a nonconforming use is generally defined as "a use which not only does not conform to the general regulation or restriction governing a zoned area but which lawfully existed at the time that the regulation or restriction went into effect and has continued to exist without legal abandonment since that time." 8A E. McQuillin, *The Law of Municipal Corporations* § 25.185, at 22 (3d ed. 1976).

Defendant asserts the enactment of a county zoning ordinance eliminating nonconforming uses is beyond the authorization of section 358A.3, The Code 1979. That section states, in relevant part:

[T]he board of supervisors of any county is hereby empowered to regulate and restrict the height, number of structures, and size of buildings, and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of popula-

tion, and the location and use of buildings, structures, and land for trade, industry, residence or other purposes . . . .

We note at this juncture, and the parties apparently agree, that the County Home Rule Amendment, Article III, section 39A of the Iowa Constitution, does not govern the enactment of the ordinance in question here. Section 4.26, the provision under which defendant was·prosecuted, was incorporated into the Louisa County Zoning Ordinance six years prior to the adoption of the County Home Rule Amendment. The home rule provision includes no language demonstrating an intent either that it apply retrospectively or act to ratify municipal ordinances of questionable validity enacted prior to its adoption. *See* Iowa Const. Art. III, § 39A. We attach importance to this because, as a general rule, constitutional provisions operate prospectively; moreover, a constitutional amendment generally will not act to validate existing statutes or other enactments which were invalid prior to its adoption. *See generally* 16 C.J.S. *Constitutional Law* §§ 39b, 45 (1956); 16 Am.Jur.2d *Constitutional Law* § 65 (1979). *See also* 1A C. Sands, *Statutes and Statutory Construction* § 23.20, at 258 (4th ed. 1973).

Because the County Home Rule Amendment is inapplicable here, the question becomes whether the amortization scheme of section 4.26 of the Louisa County Zoning Ordinance was authorized under section 358A.3. Prior to the adoption of home rule, counties were granted only such powers as were expressly conferred by enabling legislation or necessarily implied from the powers so conferred. *See Kasparek v. Johnson County Board of Health*, 288 N.W.2d 511, 514 (Iowa 1980); *McMurry v. Board of Supervisors of Lee County*, 261 N.W.2d 688, 690 (Iowa 1978). Thus, unless the power to eliminate nonconforming uses was expressly conferred or necessarily implied from the county zoning enabling legislation, chapter 358A, the challenged provision of the Louisa County Zoning Ordinance must be considered invalid. We are convinced no such grant of authority was intended. Section 358A.3, which delineates

**428**

the powers of county zoning commissions, contains no express authorization for the elimination of nonconforming uses. Moreover, that provision includes no language indicating the commission may act to regulate land use retrospectively, from which the power to eliminate prior, nonconforming uses could necessarily be implied. While it is plain that the enabling legislation permits counties to regulate and restrict nonconforming uses prospectively, the statute does not provide for the elimination of prior uses by means such as amortization. Significantly, other statutes in analogous contexts contain express grants of power for the elimination of nonconforming uses. *See, e. g.,* The Code 1981: § 306B.5 (removal of nonconforming advertising devices along interstate highways); § 306C.5 (acquisition of land for screening or removal of certain junkyards); § 329.2(4) (elimination of existing airport hazards).

In light of the foregoing, we conclude the power to eliminate nonconforming uses was not authorized by chapter 358A, either expressly or by implication. Consequently, section 4.26 of the Louisa County Zoning Ordinance, enacted pursuant to that enabling legislation, must be considered invalid. We do not here decide that a county, pursuant to the County Home Rule Amendment, may not enact a zoning ordinance providing for the elimination of nonconforming uses by amortization or other means.

Because we find the ordinance in question to be invalid under the enabling legislation in effect at the time of its enactment, we need not reach the constitutional question raised by defendant. This case is reversed with instructions to dismiss the prosecution.

REVERSED.