**Frank J. RENDA, Morton S. Fingert, Iowa F & R Company, and Iowa R & F, Ltd., Appellants,**

v.

**POLK COUNTY, Iowa; Sam Anania, Tom Whitney, Richard Brannan, Murray Drake and Jack Bishop, As Members of the Board of Supervisors of Polk County, Iowa; and Gary L. Pryor, Director of Physical Planning of Polk County, Iowa, Appellees.**

No. 66175.

Supreme Court of Iowa.

May 19, 1982.

Joseph L. Marks and Victoria Meade of Marks, Marks & Marks, Urbandale, for appellants.

David W. Hibbard, Asst. Polk County Atty., Des Moines, for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK, and ALLBEE, JJ.

REYNOLDSON, Chief Justice.

July 18, 1978, the Polk County Board of Supervisors adopted a zoning ordinance modification to regulate adult bookstores, adult motion picture theaters, and massage parlors. These regulations included a twelve-month amortization period designed to eliminate nonconforming uses. Plain-

tiffs' adult bookstore and massage parlor did not comply with the concentration regulation and were subject to amortization.

In a suit for declaratory and injunctive relief plaintiffs sought to nullify defendants' ordinance, claiming several statutory and constitutional infirmities. Following a bifurcated submission, trial court entered two sets of findings and decrees, the first disposing of statutory issues and the second adjudicating constitutional issues. The regulatory ordinance was upheld against all of plaintiffs' challenges.

The parties have presented two dispositive issues in this appeal. First, whether the zoning ordinance is invalid because it was not published in full after it was passed by the Polk County Board of Supervisors. Second, whether the zoning ordinance's one-year amortization period is unconstitutional as a taking of property without due process of law in violation of the fourteenth amendment to the United States Constitution and article I, section 9, of the Iowa Constitution. We uphold the ordinance on the publication issue. We decline to decide the constitutional issue because there is an alternative statutory ground that invalidates the ordinance.

■ I. Plaintiffs claim a county zoning ordinance must be published in full after enactment in order to become effective, relying on *Wapello County v. Ward*, 257 Iowa 1231, 136 N.W.2d 249 (1965). Defendants claim the opposite, of course, relying on *Choate Publishing Co. v. Schade*, 225 Iowa 324, 280 N.W. 540 (1938). Trial court adopted the *Choate Publishing Co.* case and held that publication in full was not statutorily required. We agree.

County zoning regulations are controlled by chapter 358A, The Code. Section 358A.7, The Code 1977, which is applicable here, in relevant part provides:

Such regulations, restrictions, and boundaries may, from time to time, be amended, supplemented, changed, modified, or repealed. ... The provisions of section 358A.6 relative to public hearings

and official notice shall apply equally to all changes or amendments.

Section 358A.6 provides:

The board of supervisors shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established, and enforced, and from time to time amended, supplemented or changed. However, no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in a paper of general circulation in such county. Such notice shall state the location of the district affected by naming the township and section, and the boundaries of such district shall be expressed in terms of streets or roads wherever possible.

This section does not expressly mandate a post-adoption full publication.

Chapter 349, The Code, controls the official publication of county business. Section 349.16, The Code 1977, in relevant part provides:

There shall be published in each of said official newspapers at the expense of the county during the ensuing year:

1. The proceedings of the board of supervisors . . . .

Section 349.18, The Code, elaborating on what section 349.16 is meant to require, states:

All proceedings of each regular, adjourned, or special meeting of boards of supervisors, including the schedule of bills allowed, shall be published immediately after the adjournment of such meeting of said boards, and the publication of the schedule of the bills allowed shall show the name of each individual to whom the allowance is made and for what such bill is filed and the amount allowed thereon, except that names of persons receiving relief from the county poor fund shall not be published. The county auditor shall furnish a copy of such proceedings to be

published, within one week following the adjournment of the board.

Polk County published the proposed zoning ordinance amendments in full July 3, 1978. However, after the July 18, 1978, adoption of the ordinance only the following was published:

PROCEEDINGS OF THE POLK COUNTY BOARD OF SUPERVISORS

The Polk County Board of Supervisors met as a Zoning Body at 9:30 a. m., Tuesday, July 18, 1978.

. . . .

PROOF OF PUBLICATION IS ON FILE WITH THE CLERK OF THE BOARD.

Publication appeared in the Daily Record, July 3, 1978.

RESOLUTION: An ordinance to amend the Polk County, Iowa, zoning ordinance by adding to Article 4, Definitions, new definitions of adult, adult bookstores, adult motion picture theater, adult mini motion picture theater, massage, massage establishment, specified anatomical areas, specified sexual activities; adding new subsection 12 to article 14, C–3 General Commercial District, Section A thereby including adult bookstores, adult motion pictures, adult mini motion picture theaters, and massage establishments, as defined.

Amendment: Moved by Brannan, Seconded by _____, to strike the 12 month period provided for in the last paragraph and substitute 2 months.

Died for Lack of a Second.

Moved by Brannan, Seconded by Whitehurst, to adopt resolution.

VOTE YEA: Anania, Whitney, Brannan, Whitehurst. VOTE NAY: Bishop.

Moved by Whitehurst, Seconded by Brannan, to adjourn.

VOTE YEA: Anania, Whitney, Brannan, Whitehurst, Bishop.

In *Wapello County v. Ward* criminal charges were brought against Ward because he "did unlawfully and willfully start building a residence without first obtaining a building permit." *Ward*, 257 Iowa at 1232, 136 N.W.2d at 250. This charge was based on the county zoning ordinance, not state law. The defendant appealed his conviction on the theory, *inter alia*, that counties did not have statutory authority to enact zoning ordinances and impose criminal penalties for violations because this legislative power could not be delegated to counties. This court rejected Ward's theory and held as follows:

In the case before us the county is given express power to enact zoning ordinances. It is a municipal corporation for this purpose; and if this is so, as we hold, it comes within the purview of section 366.1 [The Code 1962], which gives municipal corporations power to enforce obedience to their ordinances by a fine not exceeding one hundred dollars or by imprisonment not exceeding thirty days.

*Ward*, 257 Iowa at 1237, 136 N.W.2d at 252.

Plaintiffs argue the *Ward* holding requires counties to comply with all the statutory requirements for municipal zoning, citing sections 362.3, 380.6–.8, and 380.10 as unsatisfied requirements. However, the *Ward* court was analyzing the proper governmental powers of counties, not an issue of procedural requirements. *Ward* cannot be extended far enough to justify juxtaposing Code sections from two different titles.

*Choate Publishing Co.* was a mandamus action brought by three newspapers against the Mills County Auditor that sought to require him to supply complete minutes of the Mills County Board of Supervisors' meetings for publication. The plaintiffs relied on sections 5411 and 5412–a1, The Code 1935, which are for these purposes the same as sections 349.16 and 349.18, The Code 1977. The court held that section 5411 and 5412–a1 did not require publishing minute details of ratification of homestead applications. Publication of a synopsis was deemed adequate. *Choate Publishing Co.*, 225 Iowa at 328–29, 280 N.W. at 542. We agree with trial court that *Choate Publishing Co.* is controlling here and that defendants' publications were sufficient to comply with chapters 349 and 358A.

II. Because we have held that the publication was adequate, we ordinarily would consider plaintiffs' constitutional challenges to the amortization scheme. However, after trial court rejected plaintiffs' constitutional theories, we decided *State v. Bates,* 305 N.W.2d 426 (Iowa 1981). *Bates* held that counties could not enforce amortization ordinances enacted under section 358A.3, The Code, before the adoption of the county home rule amendment.[1] *Bates,* 305 N.W.2d at 428. The county home rule amendment became effective November 7, 1978, three and one-half months after the Polk County ordinance was passed. *See* Iowa Const. art. X, § 1; art. III, § 39A. Therefore, we confront current case law that precludes enforcement of defendants' regulatory ordinance. Trial court did not decide this issue, however, and generally we do not decide an appeal on an issue not presented to and ruled on by the trial court. *See Linge v. Ralston Purina Co.,* 293 N.W.2d 191, 195 (Iowa 1980); *Davidson v. Van Lengen,* 266 N.W.2d 436, 439 (Iowa 1978).

■ This rule, in the circumstances of this case, is at war with our rule that we will not render constitutional decisions unnecessarily. *See City of Dubuque v. Telegraph Herald, Inc.,* 297 N.W.2d 523, 529 (Iowa 1980); *Ehlinger v. Mardorf,* 285 N.W.2d 27, 28 (Iowa 1979); *Salsbury Laboratories v. Iowa Department of Environmental Quality,* 276 N.W.2d 830, 837 (Iowa 1979) ("Avoidance of constitutional issues except when necessary for proper disposition of controversy is a bulwark of American jurisprudence."). In this situation the latter rule must control.

■ In *Dubuque & Dakota Railway v. Diehl,* 64 Iowa 635, 640, 21 N.W. 117, 120 (1884), this court said:

We will not decide a constitutional question unless it be necessarily involved in a case which cannot be disposed of without the decision of such question. If the record shows other questions which are decisive of the case, they alone will be con-

sidered. Courts are slow in approaching, and hesitate to decide, constitutional questions. If it appears that the rights of the parties are determined by rules of law plainly applicable to the facts disclosed by the record, the courts will not permit them unnecessarily to call in question the validity or effect of a statute. Parties, by waiving other questions, cannot form an agreed case upon which the courts will decide constitutional questions.

The following rule of the federal courts is applicable here:

It is well established that federal courts will not pass upon a constitutional question if the issue presented in a case may be adjudicated on a nonconstitutional ground. That is also true where, as here, the nonconstitutional basis for the decision was neither raised in the pleadings nor ruled upon by the lower court. The Supreme Court has on several occasions even applied the doctrine when the nonconstitutional ground was not presented by the parties, but was first noticed by the Court itself.

*Allen v. Aytch,* 535 F.2d 817, 819–20 (3d Cir. 1976) (footnote omitted).

Therefore, *Bates* requires that the district court decrees be reversed. This case is remanded for entry of declaratory and injunctive relief consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

---

1. By order while the appeal was pending, we requested counsel to address the issue of the applicability of *Bates* to this factual situation.