**NORTH LIBERTY LAND COMPANY, A General Partnership, Appellant,**

v.

**INCORPORATED CITY OF NORTH LIBERTY, et al, Appellees.**

No. 65394.

Supreme Court of Iowa.

Oct. 21, 1981.

William Lucas, of Lucas, Nolan, Bohanan & Moen, Iowa City, for appellant.

Robert W. Jansen and Marion R. Neely, Iowa City, for appellees.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

The court of appeals reversed the trial court's rejection of a challenge to a city's

sewer connection charge. On further re-view, though we disagree with the decision of the court of appeals, we conclude that the judgment of the trial court must be reversed.

In 1972 Norma M. Myers[1] contracted with the city of North Liberty to build a sewer from the city to land which she owned. The Myers property lies on the west side of a state highway; the city is on the east side. Under the contract Mrs. Myers bore the full cost of constructing a sewer from the city but would be partially reimbursed from the collection of "tap-on fees" as others connected to the sewer line. The sewer line was completed in 1972 at a total cost of $10,893.29.

In 1973 the city enacted ordinance 81, setting up a method for charging sewer tap-on fees. In material part it provides:

SECTION 2: *Assessment.* The construc-tion, maintenance or repair costs of any sanitary sewer facility constructed by the City of North Liberty, Iowa after March 1, 1972, the cost of which has not been assessed against either the abutting or beneficial properties shall be paid by any person, firm or corporation before such facilities are tapped or used by them. No sewer connection charge or fee estab-lished hereinafter shall exceed the equita-ble portion of the total original cost of the project.

Section 3: *Collection. When any sani-tary sewer facility is constructed as de-scribed in Section 2, it will be the duty of the City engineer to report the total cost thereof to the City Council. The City Council shall proceed to divide or prorate such cost amongst the properties benefit-ed thereby, and amongst the property abutting thereon, and shall adopt a reso-lution setting forth the charges or fees against the various properties abutting on said facility or benefited thereby. Be-fore any person, firm or corporation shall tap or use such sewer facility, they shall pay the charge or fee set forth in said resolution against the property for which*

the sewer facility is to be tapped or used. (Emphasis added.)

In 1977 plaintiff, a land developer, under-took development of an area on the east side of the state highway. Pursuant to ordinance 81 plaintiff was charged a sewer connection fee in excess of $5000. Plaintiff paid under protest and brought this action seeking a declaration that the fee is illegal.

I. Ordinance 81 was enacted pursuant to section 393.14, The Code 1973, which provid-ed:

Cities and towns may by ordinance es-tablish a schedule of reasonable and equi-table sewer connection charges or fees to be paid to such city or town by every person, firm, or corporation whose prem-ises will be served by connecting to the municipal sanitary utilities. Such ordi-nance shall be certified by the city or town and filed of record in the office of the county recorder of the county where-in the city or town is situated. The charges or fees shall be due and payable when a sewer connection application is filed. No sewer connection charge or fee established by said ordinance shall exceed the equitable portion of the total original costs to the city or town of extending the sanitary utilities to the near vicinity of the property less any part of said cost which has been previously assessed or paid to the city or town under chapters 391, 391A, or 417....

■▬ The challenged ordinance was adopted prior to the municipal home rule amendment. Iowa Const. art. III, § 38A (1857, amended 1968). Unless the ordi-nance was previously valid it was not made so by the home rule amendment. *State v. Bates,* 305 N.W.2d 426, 427 (Iowa 1981). The general rule is:

A statute which is merely intended to preserve the municipal status as to all laws and ordinances which might be in force at the date of the adoption of the new chapter provided in such statute, and to continue such ordinances in force, in the passing of the municipal corporation

─────────

1. Originally Mrs. Myers acted jointly with her husband, since deceased. She has succeeded

to his interests and, for simplicity, will be re-ferred to singularly.

from the control of the old charter to that of the new, has no reference to validating invalid ordinances enacted under the old charter, and is not intended to have such operation and effect.

56 Am.Jur.2d, Municipal Corporations, § 373 at 406 (1971). (Footnotes omitted.) Neither was the ordinance validated by section 362.7, The Code 1975, which provides: "A valid measure adopted by a city prior to July 1, 1975, remains valid unless the measure is irreconcilable with the city code." Obviously this section applies only to "valid" ordinances.

II. The court of appeals believed the trial court erred in rejecting the assessment of the tap-on charge against the plaintiff because there was no showing that the city established by resolution a sewer connection charge in compliance with ordinance 81. The trial record is silent on the question. That is, there is no showing that the city council proceeded "to divide and prorate such cost amongst the properties benefited thereby, and amongst the property abutting thereon . . . [and no showing the city adopted] a resolution setting forth the charges or fees . . .," as directed by ordinance 81, § 3. We believe the court of appeals put the burden on the wrong party.

The rule is that:

. . . the burden of proof in a declaratory judgment action is the same as in ordinary actions at law or suits in equity, and the plaintiff bringing a declaratory judgment action must, in order to succeed, prove his case in accordance with and within the meaning of such rules, *and this rule is not affected by the fact that a negative declaration is sought* . . . .

Quoted in *General Casualty Co. v. Hines,* 261 Iowa 738, 742, 156 N.W.2d 118, 121 (1968). [Emphasis added.] Here it was plaintiff's burden to show the city did not comply with its own ordinance by passing a resolution setting the fees and charges. Plaintiff presented no such evidence at trial and the court of appeals was incorrect in reversing on this ground.

III. Plaintiff presents three arguments to challenge the city's authority to charge the connection fee. We need consider only the third because we agree that ordinance 81 did not substantially comply with section 393.14. According to section 368.2, The Code 1973: " . . . statutes which provide a manner or procedure for carrying out their provisions or exercising a given power should be interpreted as providing the exclusive manner of procedure and *shall be given substantial compliance. . . .*" [Emphasis added.]

Ordinance 81 makes no provision for the establishment of a schedule of reasonable and equitable sewer connection charges or fees. Neither does it provide that such schedule be filed with the office of recorder. Rather, the ordinance purports to allow the city council, on an ad hoc basis, to set the charges against the properties abutting the sewer. Under the plan the city council passed along to the city engineer the responsibility of setting and prorating the fees in each individual case. Ordinance 81 did not inform interested persons what the fees or charges would be. A municipal ordinance cannot be allowed to change a statutory provision, either by enlargement or diminution. *Rush v. Sioux City,* 240 N.W.2d 431, 445 (Iowa 1976). Thus we believe ordinance 81 is at odds with its enabling legislation and is invalid.

Accordingly, though we disagree with the decision of the court of appeals, we agree that the trial court erred in rejecting plaintiff's challenge to ordinance 81.

The decision of the court of appeals is vacated. The judgment of the trial court is reversed and this case remanded with directions that the trial court enter judgment in favor of plaintiff.

DECISION VACATED; JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED.