MARVIN R. WATTS, Plaintiff-Appellant, *v.* MEDUSA PORTLAND CEMENT COMPANY *et al.*, Defendants-Appellees.

(No. 70-163;

Second District—March 26, 1971.

*Rehearing denied May 6, 1971.*

John R. Snively, of Rockford, for appellant.

Welsh, Welsh, Holmstrom & Hyzer and Williams, McCarthy, Kinley & Rudy, both of Rockford, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Marvin R. Watts filed suit on June 25th, 1958, to recover damages for personal injuries arising out of an accident alleged to have occurred on June 26th, 1956. His complaint was dismissed by judgment order dated May 7th, 1964 following a general call of the docket which had been held on April 14th, 1964. On plaintiff's *ex parte* motion filed on December 28th, 1967, an order reinstating the case was entered on March 27th, 1968 with no notice to the defendants. On February 13th, 1970 defendants moved to vacate the order of reinstatement. After a hearing on the motion and plaintiff's objections thereto, the court, on February 24th, 1970, vacated the order of reinstatement as having been entered without jurisdiction and confirmed the previous dismissal order. The

plaintiff then moved to vacate this order and appeals from the denial of his motion.

Watts argues that the court properly reinstated the case but improperly vacated the order of reinstatement. We do not agree.

The trial court properly dismissed the case for want of prosecution on May 7th, 1964. The order recited that it was entered pursuant to a certain Rule 6 of the Fifteenth Judicial Circuit in that no action described in the rule had been taken for two years preceding the call of the docket on April 14th, 1964.[1]

Plaintiff's motion to reinstate, which was filed on December 28th, 1967, alleged as a basis:

"3. That the clerk had not printed in the Bar docket a list of the cases subject to the rule, nor was any list furnished to him or his attorney.

4. That the clerk did not give any notice to him or his attorney of the dismissal of the case for want of prosecution as required by Section 50.1 of the Civil Practice Act:

5. That the rule provides that for good cause shown, the case may be reinstated.

6. That he has a meritorious cause of action."

The supporting affidavit of plaintiff's attorney stated:

"3. That he has made various attempts in good faith to have the pending motions heard, that he has discussed the same with opposing counsel, and that he has endeavored to get them (to) appear but they have not agreed to do so.

4. That he first learned that the case had been dismissed for want of prosecution while he was in Dixon, Illinois, on December 1, 1967, relative to other court business.

5. That the plaintiff has a meritorious cause of action."

Plaintiff argues that "fundamental fairness" requires that we uphold the order reinstating the case, citing the due process clauses of both the United States and the Illinois Constitutions and the provisions of Ill. Rev. Stat. 1963, ch. 110, par. 50.1 providing that the clerk shall give notice of dismissal to a party or his attorney.

The cases cited by plaintiff involve actions taken to vacate an order

---

[1] Administrative Rule 6 then provided:

"At the call of the civil dockets, all cases in which no appeal is pending and in which no motion or order has been made for two years may be summarily stricken, and all cases in which no notice has been taken and no attempt was made for trial or disposition during the two years preceding the call may be dismissed for want of prosecution. For good cause shown, they may be reinstated by the presiding judge."

of dismissal within thirty days of its entry under Ill. Rev. Stat. 1967, ch. 110, par. 50(5) and 50.1, or motions made within two years of the entry of the order pursuant to Ill. Rev. Stat. 1967, ch. 110, sec. 72. (*E.g.*, *Carlstedt v. Kaufmann* (1970), 119 Ill.App.2d 322 and *Washington Mfg. Co. v. American Uniform Rental Co.* (1966), 73 Ill.App.2d 49).

■■ Plaintiff failed to invoke the equitable powers of the court under sec. 72 within two years and thereafter could not secure relief from the dismissal order under the circumstances of this case. An order dismissing a case for want of prosecution is final and appealable and except for reopening under the provisions of sec. 72, the right of the trial court to act is limited to thirty days after entry of the valid order. *Casillas v. Rosengren* (1967), 86 Ill.App.2d 139, 143; *Pettigrove v. Parro Const. Corp.* (1963), 44 Ill.App.2d 421, 425.

■■ A void order may, of course, be attacked at any time. (*Fox v. Dept. of Revenue* (1966), 34 Ill.2d 358, 361) but this rule is not an issue here. The alleged failure to notify plaintiff that the dismissal order had been entered did not make the order void. Section 50.1 provides that "the failure of the clerk to give the notice does not impair the force, validity or effect of the order". Likewise, plaintiff's allegation that "the clerk had not printed in the bar docket a list of the cases subject to the rule, nor was any list furnished to him or his attorney", was not sufficient to overcome the presumptive validity of the order of dismissal. The order imported validity in its recitation that the case was being dismissed pursuant to Administrative Rule 6 of the Circuit, referring to "the call of the docket". It is for the party seeking to vacate an order to prove that the proceedings were not conducted in the manner recited. *Esczuk v. Chicago Transit Authority* (1968), 39 Ill.2d 464, 467; *Urso v. Reynolds Metals Co.* (1968), 95 Ill.App.2d 251, 255. This plaintiff did not do. Thus the court had no jurisdiction to vacate the order of dismissal some three and a half years after its entry or to reinstate the cause.

Plaintiff has taken the position in oral argument before this court that an order dismissing a case for want of prosecution may be challenged at any time thereafter and that a case so dismissed may be reinstated at any time for good cause in the nature of the requirement of "fundamental fairness". This is not the law as we have previously indicated. Moreover, we would agree with the opinion of the trial judge that "fundamental fairness" requires a termination of this prolonged litigation which has, in profile, been so poorly pursued as this: The suit was filed on June 25th, 1958 (on the last day before the Statute of Limitations would have expired), an amended complaint was filed on September 6th, 1961, motions to dismiss the amended complaint filed on September 27th, 1961 and October 2nd, 1961 were never noticed for hearing,

no review of the docket was made until December 1st, 1967, and no move was made to reinstate the case until December 28th, 1967. See *Bryant v. Ethnyre* (1970), 264 N.E.2d 276, 277; and *Davis Furniture Co. v. Young* (1968), 102 Ill.App.2d 415, 419.

We conclude that the reinstatement order was improperly entered and properly vacated. The judgment below is therefore affirmed.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.