*In re* ESTATE OF ZLATE LASTICK, Incompetent.—(EDITH L. SCHILLER, Conservator of the Person of ZLATE LASTICK, Petitioner-Appellant, *v.* NATIONAL BANK OF ALBANY PARK IN CHICAGO, Trustee, *et al.*, Respondents-Appellees.

(No. 59228;

First District (5th Division)—April 25, 1975.

Levin & Novoselsky, of Chicago, for appellant.

David H. Pauker and James D. Griffith, both of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Petitioner, the daughter of the incompetent and conservator of her person, appeals from an order dismissing her petition (and supplement thereto) for sale of assets or alternatively for a pro rata apportionment of the incompetent's expenses against all her assets, including a two-thirds beneficial interest in a land trust. Petitioner contends that the trial court erred in refusing to balance the equities of the matter before it.

On February 19, 1971, a petition was filed for the appointment of conservators of the person and of the estate of Zlate Lastick. An affidavit was filed indicating that in the opinion of Dr. Howard Zettin, Zlate Lastick was physically and mentally incapable of managing her person and estate. His opinion was based upon the following facts:

> "Patient is about 83 years of age. Senile brain changes—Loss of memory particularly for recent event. Memory for events in past retained to a better degree. Judgment is poor and she can not comprehend clearly. She can not make decisions for herself or care for her personal needs. She is incontinent for both bowels and urine."

On February 26, 1971, an order was entered adjudicating Zlate Lastick incompetent, appointing Edith L. Schiller conservator of the person of the incompetent, and appointing the National Bank of Albany Park conservator of the incompetent's estate. Letters of conservatorship were then granted.

Following various orders authorizing reimbursement to petitioner for payments of the incompetent's expenses, the conservator for the estate filed its inventory of the incompetent's estate with the court. The inventory, exclusive of certain jewelry, potential claims for life insurance on the death of the incompetent's deceased husband, and an undivided two-thirds interest in a land trust with the National Bank of Albany Park, was valued at $39,326.81.

On June 1, 1971, the National Bank of Albany Park, as conservator of the incompetent's estate, filed a petition for instructions. The petition alleged that the liquid assets of the incompetent's estate have a value of $49,000; that the nonliquid assets of the estate include an undivided two-thirds interest in a land trust; that the incompetent's son, Harry Lastick, is the owner of the remaining one-third interest in the trust; that the corpus of the trust is real estate located at 3433-37 Lawrence Avenue in Chicago which is improved with a brick building containing three apartments and six stores; that the undivided two-thirds interest was originally held by the incompetent and her husband, Jack Lastick, as joint tenants;

that the trust agreement provides that upon the death of the surviving joint tenant, the two-thirds beneficial interest will pass to Harry Lastick if no other disposition has been made of the interest; and that Harry Lastick conducts business from the building without paying rent. The petition further alleges that Jack Lastick died on February 4, 1971; that the liquid assets of the incompetent's estate have been and will continue to be subject to large expenditures for her care; and that the Bank has received a letter from Edith Schiller requesting the Bank to require Harry Lastick to pay rent for the premises he occupies and to petition the court for permission to sell the beneficial interest in the land trust or to pro rate the incompetent's expenses between the liquid and nonliquid assets of the incompetent's estate. A copy of the letter was attached to the petition.

Harry Lastick filed an answer admitting many of the allegations in the Bank's petition. However, he also alleged that he should not be required to pay rent because the parties to the land trust had agreed that no rent was required and because the incompetent and her husband had not paid rent on their apartment in the building; that proof of the amount of expenses for the care of the incompetent should be required; and that the nonliquid assets of the estate should not be sold or subject to payment of the incompetent's expenses until the liquid assets of the estate are exhausted.

On July 13, 1971, the court ruled that Harry Lastick was required to pay rent on the premises he occupied and that the conservator of the estate was authorized to pay up to $700 per week for the care of the incompetent. It continued the matter to permit the filing of briefs.

On December 8, 1971, Edith Schiller petitioned the court for sale of the incompetent's assets (the beneficial interest in the land trust). The petition presented essentially the same facts as were presented in the Bank's petition for instructions. Additionally, it alleged that the petitioner was the sole legatee under the joint will of Jack and Zlate Lastick; that Harry Lastick furnished no consideration toward the acquisition of the beneficial interest in the land trust; that the estimated value of the property subject to the land trust was $50,000; and that the parties should be treated equally in accord with the equitable maxim that equality is equity. Copies of the will and various prior pleadings were attached to the petition. Subsequently, she filed a supplement to the petition requesting a pro rata apportionment of the incompetent's expenses against all her assets.

Harry Lastick moved to dismiss the petition and the supplement to the petition pursuant to sections 45 and 48 of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, pars. 45 and 48.) He alleged that petitioner's claim on demand had been released; that petitioner lacks capacity to sue

since she is actually petitioning in her capacity as sole legatee under the incompetent's will; and that the petition is substantially insufficient at law because the rights of the parties were fixed upon the adjudication of incompetency. An affidavit of counsel and a copy of the release were filed with the motion. By its terms, the release was intended to resolve differences that had arisen between Edith Schiller and Harry Lastick. In relevant part, it provides that Edith would not act to interfere with the land trust and Harry would not act to interfere with the admission of the will to probate. It further provided that upon Zlate Lastick's death, Harry would assume the mortgage on the building and that prior to Zlate Lastick's death, Edith would provide her room and board.

The court, considering the petitions of both the Bank and Edith Schiller, noting that the incompetent had died, and without considering the release, instructed the Bank that only the incompetent's assets subject to probate should be used to pay the incompetent's expenses and dismissed Edith Schiller's petition and supplement thereto ruling that the probatable assets of the estate must first be exhausted before charging the interest in the land trust with such expenses. Edith Schiller appeals from the portion of this order dismissing her petition and supplement thereto.

OPINION

Petitioner contends that the trial court erred in refusing to balance the equities of the matter before it. Essentially she argues that the two-thirds beneficial interest in the land trust should contribute toward the payment of the incompetent's expenses, notwithstanding respondent's survivorship interest in that beneficial interest and notwithstanding the sufficiency of the incompetent's other assets to provide for her care.

■■ The incompetent's best interest is the guiding principle in the administration of an incompetent's estate. (*Lewis v. Hill*, 387 Ill. 542, 56 N.E.2d 619.) If assets owned by an incompetent must be expended for his support and maintenance, such expenditures may be made from such assets despite the existence of a third party's survivorship interest in those assets; but if such expenditures are not required for the support and maintenance of the incompetent, a survivorship interest should not be destroyed or altered. *In re Estate of Hirsh*, 27 Ill.App.2d 228, 169 N.E.2d 591; see also *Rozycke v. Sroka*, 3 Ill.App.3d 741, 279 N.E.2d 155.

■■ In the instant case, prior to being adjudicated incompetent, Zlate Lastick entered into a land trust agreement. It provides that the two-thirds beneficial interest in the land trust, which devolved to her upon her husband's death, would pass to respondent upon her death, if she did not previously dispose of that interest. We note that the beneficial interest was not disposed of before Zlate Lastick was adjudicated incom-

petent or before her death. The provision in the land trust agreement expressed Zlate Lastick's intent that respondent should have that interest and created a right of survivorship in respondent. In the absence of the need to liquidate the beneficial interest in order to provide for the incompetent's support and maintenance, we believe that Zlate Lastick's unaltered intent, the terms of the trust agreement, and respondent's survivorship interest should prevail. Since the incompetent's other assets were sufficient to provide for her support and maintenance, there was no need to liquidate the beneficial interest in the land trust.

The judgment is affirmed.

Affirmed.

DRUCKER and SULLIVAN, JJ., concur.