MARSHALL E. WINOKUR, LTD., Plaintiff-Appellant, *v.* MYRLE SHANE, Defendant-Appellee.

First District (2nd Division)    No. 79-2127

Opinion filed October 7, 1980.—Rehearing denied November 7, 1980.

Marshall E. Winokur, Ltd., of Chicago, for appellant.

Anagnost & Anagnost, of Chicago, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This appeal arises from the trial court's order vacating a judgment of confession in favor of plaintiff. Plaintiff now contends that the trial court was without jurisdiction to vacate the judgment of confession against defendant. In the alternative, plaintiff maintains that the court had jurisdiction to hear his subsequent motion to set aside the order vacating the confession of judgment.

The common law record indicates that on December 3, 1976, plaintiff filed a complaint against defendant to confess judgment on two notes. On December 14, 1976, judgment by confession was entered

against defendant in the amount of $2,192.35. Defendant filed an appearance approximately three weeks later prior to a hearing to confirm the judgment, and the cause was thereafter set for trial. On June 29, 1977, the judgment was confirmed at an *ex parte* hearing.

Defendant then filed a notice of motion on July 27, 1977, to vacate the latter judgment order. On September 29, 1977, the court held for defendant and vacated the prior judgment order.

On October 28, 1977, plaintiff filed a post-trial motion for a new trial requesting that the trial court's order of September 29, 1977, be vacated. Plaintiff's post-trial motion alleged that the trial court's findings were against the manifest weight of the evidence; that defendant was erroneously permitted to file her answer to the complaint on the day of trial; and that the trial court erred in admitting certain evidence offered by defendant and by excluding evidence offered by plaintiff.

On October 23, 1979, defendant filed a motion to strike plaintiff's motion to vacate the order of September 29, 1977. The written judgment order entered on October 23, 1979, recites that plaintiff's motion for a new trial filed on October 28, 1977, was without any legal effect and that the trial court was without jurisdiction to hear plaintiff's motion for a new trial. No transcript of the proceedings was included in the record on this appeal.

## I.

Plaintiff initially contends that the trial court lacked jurisdiction to vacate the *ex parte* judgment of June 29, 1977, since defendant failed to make an oral motion or file a post-trial motion within 30 days after the entry of the judgment order. Defendant argues that an oral motion was made by her to vacate the *ex parte* judgment within 30 days, and as such, she was in full compliance with the requirements of section 50 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)).

■■ It is a basic principle of appellate practice that a party who prosecutes an appeal has the duty of presenting to the court of review everything necessary to decide the issues on appeal. (*Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 907, 342 N.E.2d 748.) In the absence of a proper record, it is presumed that the proof presented was sufficient to support the trial court's determination. *In re Estate of Lawson* (1976), 41 Ill. App. 3d 37, 40, 353 N.E.2d 345; *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550.

■■ In the present case, as noted by defendant in her brief, plaintiff has not filed a transcript of the trial court's proceedings, a factual stipulation by the parties or a bystander's report of the proceedings as required by Supreme Court Rule 323 (Ill. Rev. Stat. 1977, ch. 110A, par. 323). The memorandum of the court's orders (half-sheet) shows that on July 27,

1977, there was a motion by defendant to vacate the judgment of June 29, 1977, and for substitution of attorneys. The common law record further shows that the matter was set for trial on September 1, 1977. Apparently the trial date was continued until September 29, 1977, at which time the court vacated the *ex parte* judgment in favor of plaintiff and entered judgment for defendant. Although plaintiff argues that defendant made no oral motion to vacate the *ex parte* judgment, plaintiff has failed to comply with the basic rules of appellate procedure and therefore we must conclude that the trial court's determination in the present case was correct. (*Investors Shelter Corp. v. Chernick* (1978), 58 Ill. App. 3d 446, 374 N.E.2d 786.) Parenthetically, we note that no mention was made by plaintiff in his post-trial motion that the court was without jurisdiction to conduct trial or vacate the *ex parte* judgment. Thus, we find no reason to disturb the trial court's determination in this regard.

## II.

Alternatively, plaintiff contends that the court possessed jurisdiction to hear his post-trial motion to set aside the vacature order of September 29, 1977. Defendant maintains that the trial court properly refused to hear plaintiff's motion for a new trial. Defendant argues that plaintiff was not in conformity with Rule 2.3 of the Rules of the Circuit Court of Cook County since plaintiff failed to call his post-trial motion for a hearing within 90 days after it was filed. Rule 2.3, Rules of Circuit Court of Cook County, effective July 1, 1976.

Rule 2.3 of the circuit court of Cook County provides that the burden of calling for hearing any motion previously filed is on the party making the motion; and if any such motion is not called within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of delay. (*People ex rel. Carey v. Forberg* (1975), 33 Ill. App. 3d 161, 166, 337 N.E.2d 369.) Such denial or dismissal is discretionary with the trial court and a reviewing court will not overturn the trial court's determination in the absence of facts constituting an abuse. *Bernhardt v. Fritzshall* (1973), 9 Ill. App. 3d 1041, 1044, 293 N.E.2d 650.

■■ In the intant case it appears from the October 23, 1979, written judgment order that the court did not deny plaintiff's post-trial motion because of a two-year delay in calling it for hearing, but rather determined that plaintiff's petition for a new trial was without legal effect and that the court was without jurisdiction to hear the motion. However, Supreme Court Rule 184 specifically provides that either party may call a motion for disposition before or after the expiration of the filing period. (Ill. Rev. Stat. 1977, ch. 110A, par. 184; see *People ex rel. Carey v. Forberg.*) Failure on the part of plaintiff to call a motion for a hearing in no way impaired the validity of the motion. (See *City of Chicago v.*

*Exchange National Bank* (1971), 133 Ill. App. 2d 370, 273 N.E.2d 484, *affirmed* (1972), 51 Ill. 2d 543, 283 N.E.2d 878.) In view of these circumstances, we believe plaintiff is entitled to have a hearing on his post-trial motion. Accordingly, we vacate the judgment of the circuit court of Cook County and remand the cause for further proceedings consistent with the views expressed herein.

Judgment vacated and cause remanded.

PERLIN, P. J., and STAMOS, J., concur.