EDGAR H. COOPER *et al.*, Plaintiffs-Appellants, *v.* UNITED DEVELOPMENT COMPANY *et al.*, Defendants-Appellees (River Oaks West Development Company *et al.*, Defendants).

First District (2nd Division)   No. 83—727

Opinion filed March 20, 1984.

Donald A. Shapiro and Ardwin E. Boyer, both of LeVine, Wittenberg, Eisner, Newman and Silverman, of Chicago, for appellants.

Fred E. Schulz and Ann W. Regan, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellees.

JUSTICE DOWNING delivered the opinion of the court:

In this action for breach of an implied warranty of habitability, plaintiffs, a class consisting of original unit owners of The Park of River Oaks,[1] appeal from the trial court's entry of two orders that: (1) dismissed their complaint with prejudice since it was barred by the applicable statute of limitations; (2) allegedly denied them leave to amend said complaint; (3) dismissed, for jurisdictional reasons, their motion to quash an allegedly void order; and (4) denied, for lack of diligence and a meritorious claim, their section 72 petition for relief from judgment. (Ill. Rev. Stat. 1979, ch. 110, par. 72.)[2] A summary of the pertinent procedural matters follows.

On January 26, 1982, plaintiffs instituted a class action seeking to recover damages for an alleged breach of an implied warranty of habitability. The named defendants were: United Development Company (United), the agent-developer for the condominium project; Inland-Robbins Construction, Inc. (Inland), the general contractor; Westinghouse Electric Company (Westinghouse), the subcontractor; and River Oaks West Development Company (River Oaks), the beneficial owner of the property. On March 30, 1982, United and Inland filed a motion to dismiss which was premised on plaintiffs' failure to state a cause of action, as well as their failure to file suit within the limitation period provided for in section 15 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 16).[3] An agreed order was entered on May 14, 1982, setting July 8, 1982, as the hearing date for defendants' motion to dismiss.

Following presentation of plaintiffs' motion on July 8, 1982, for a continuance, the trial court entered an order reciting that defendants' motion would be "taken under advisement until Wednesday, July 14, 1982 ***. Ruling on said motion to be given after said date." Thereupon, plaintiffs were given until 9 a.m. on July 14, 1982, to submit law in opposition to the motion to dismiss. A memorandum was filed by plaintiffs on July 14, 1982, in response to defendants' motion; however, the actual time of filing was not recorded on this document.

On July 20, 1982, pursuant to United and Inland's motion to dismiss, as well as an analogous motion previously filed by West-

---

[1] The Park of River Oaks is a residential condominium development located in Calumet City, Illinois.

[2] Now codified as section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401).

[3] Now known as section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—205).

inghouse, the trial court entered an order[4] dismissing plaintiffs' complaint with prejudice for the reason that it was "barred on its face by the applicable statute of limitations." It was further ordered that the cause remain pending "against any and all remaining defendants," *i.e.*, River Oaks. In the record filed with this court is the aforesaid signed order which contains the name of the attorney for United. The attorney for the plaintiffs was not present when the order was entered. Counsel for defendants, after becoming aware on or before July 27, 1982, that such a dispositive order had been entered, did not advise plaintiffs' counsel of this critical fact until August 31, 1982. The record also contains a three-page, hand-written memo signed by the trial court explaining its reason for the order. This memo does not contain any date of filing and was never furnished to counsel for plaintiffs.

At a progress call held on July 27, 1982, before the Honorable Alan Morrill, an order was entered dismissing the instant cause for want of prosecution. Plaintiffs thereafter filed a motion to vacate Judge Morrill's order; however, this motion was withdrawn after plaintiffs' counsel became aware on August 31, 1982, of the entry of the July 20 dismissal order. Copies of this order of dismissal were received by plaintiffs' counsel on September 7, 1982.

On December 9, 1982, plaintiffs filed their petition for section 72 relief along with a motion to quash the July 20 order as void. These motions claimed, essentially, that the trial court entered the dismissal order as to United and Inland without having provided plaintiffs with proper notice. However, an order was subsequently entered on February 16, 1983, which dismissed, for lack of jurisdiction, plaintiffs' motion to quash; this order also denied, for lack of diligence and a meritorious claim, their section 72 petition for relief from judgment. It is the propriety of this order which plaintiffs now contest on appeal. Westinghouse has not been joined as an appellee in this matter.

I

Initially, plaintiffs argue that the trial court erroneously dismissed, for want of jurisdiction, their motion to quash the dismissal order entered on July 20, 1982. Specifically, the trial court ruled that it could not entertain this motion since it was filed more than 30 days

[4]Although this order was also stamped July 21, 1982, the parties all indicate July 20, 1982, as the actual date of entry. Thus, since a circuit court half-sheet has not been incorporated into the instant record, we will hereinafter regard the dismissal order as having been entered on July 20, 1982.

after the entry of the dismissal order. Plaintiffs now contend that such order was void and, therefore, subject to challenge at any time. We disagree.

Without question, a void judgment may be attacked and vacated at any time. (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 361, 215 N.E.2d 271; *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 178, 372 N.E.2d 965.) Such a judgment or order is characterized as void where the court lacks jurisdiction of the parties or subject matter, or lacks the inherent power to enter the contested order. (*Horzely v. Horzely* (1979), 71 Ill. App. 3d 542, 545, 390 N.E.2d 28.) However, an alleged failure to notify a defendant of the entry of a default judgment will not render such judgment void. (*American Consulting Association, Inc. v. Spencer* (1981), 100 Ill. App. 3d 917, 920, 427 N.E.2d 579, *cert. denied* (1982), 458 U.S. 1112, 73 L. Ed. 2d 1375, 102 S. Ct. 3495.) Likewise, an "alleged failure to notify plaintiff that [a] dismissal order had been entered did not make the order void." *Watts v. Medusa Portland Cement Co.* (1971), 132 Ill. App. 2d 227, 230, 268 N.E.2d 721, *appeal denied* (1971), 47 Ill. 2d 592.

The two cases relied upon by plaintiffs in support of their argument for retention of jurisdiction to review the order are, in fact, inapposite. *In re Franklin* (1976), 42 Ill. App. 3d 129, 355 N.E.2d 570, was concerned solely with an order of probation and commitment which was held void since the trial court, having failed to adjudicate a minor as a ward of the court, did not have jurisdiction to enter the dispositional order. *Lowy v. Filosa* (1974), 18 Ill. App. 3d 123, 309 N.E.2d 356, dealt with section 72 petitions for relief from void consent decrees, rather than post-judgment motions to quash an allegedly void dismissal order.

■■ Since, in accordance with Illinois decisional law, the instant dismissal order cannot be characterized as void, the trial court was without jurisdiction to review it after the expiration of 30 days. (*Board of Managers v. Beringer* (1981), 94 Ill. App. 3d 442, 446, 418 N.E.2d 1099; *Lurie Co. v. Teichner* (1978), 63 Ill. App. 3d 950, 951-52, 380 N.E.2d 959.) Thereafter, plaintiffs' sole source of relief from the order of dismissal was to proceed under section 72 of the Illinois Civil Practice Act. *Halleck v. Trumfio* (1980), 85 Ill. App. 3d 1051, 1053, 407 N.E.2d 867; *Lurie Co. v. Teichner* (1978), 63 Ill. App. 3d 950, 951-52.

It is averred that plaintiffs received no documentation of the July 20 dismissal order until September 7, 1982. Nonetheless, the fact remains that their motion to quash this order was not filed until Decem-

ber 9, 1982, well after the 30-day review period had expired. Consequently, the trial court correctly ruled that it lacked jurisdiction to consider the post-trial motion to quash tendered by plaintiffs.

## II

The next issue for resolution focuses on the propriety of the lower court's denial of plaintiffs' petition for section 72 relief. This denial was predicated on the court's conclusion that the requisite elements of due diligence and a meritorious claim were not satisfied.

Section 72 of the Illinois Civil Practice Act, now known as section 2—1401 of the Illinois Code of Civil Procedure, provides a comprehensive statutory procedure for obtaining relief from final orders, judgments and decrees after the expiration of 30 days from the entry thereof. (*Davis v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 987, 989, 403 N.E.2d 615.) The purpose of a section 72 petition is to bring to the court's attention "matters of fact not appearing in the record, which, if known to the court at the time the judgment was rendered, would have prevented its rendition." *Peoples Gas Light & Coke Co. v. Rubin* (1980), 89 Ill. App. 3d 244, 246, 411 N.E.2d 886.

To warrant relief under section 72, a petitioner must demonstrate: (1) a meritorious defense or claim; (2) due diligence in presenting this defense or claim in the original action; (3) the trial court's misapprehension of the facts or a valid defense, through no fault or negligence of petitioner, at the time judgment was entered; and (4) due diligence in filing the petition for section 72 relief. (*American Consulting Association, Inc. v. Spencer* (1981), 100 Ill. App. 3d 917, 921; *Canton v. Chorbajian* (1980), 88 Ill. App. 3d 1015, 1021, 410 N.E.2d 1166, *appeal denied* (1981), 82 Ill. 2d 583.) "In addition, the petitioner must set forth specific factual allegations supporting each of the above elements [citation], and must prove his right to the relief sought by a preponderance of the evidence." *Stallworth v. Thomas* (1980), 83 Ill. App. 3d 747, 751, 404 N.E.2d 554.

Plaintiffs' section 72 petition alleged that notice of the order of dismissal was not received until over a month after its entry. "Fundamental fairness requires that notice of *** a dismissal be given a party of record." (*Carlstedt v. Kaufmann* (1970), 119 Ill. App. 2d 322, 327, 256 N.E.2d 146.) The initial question to examine is whether plaintiffs, under the circumstances presented to the trial court, were entitled to use a section 72 proceeding. The answer is "yes."

The gist of plaintiffs' complaint is that notice of the court's order was not received until more than 30 days after its entry. Plaintiffs claim they had no notice of the filing of the trial court's unstamped

memorandum or the entry of the July 20 order. There is nothing in the record to dispute those allegations. Under such circumstances, a trial court should desire and hasten to entertain a section 72 petition to investigate the allegations. Trial courts have been urged to document the reasons for their actions in the record. The trial court's memorandum in this case clearly and correctly sets forth the court's reasons. However, in doing so, a procedure should be followed so that the record is clear that all parties know of, and have the equal opportunity to simultaneously receive a copy of, the court's memorandum. Final disposition orders should only be entered after due notice has been served upon all parties. Had this procedure been followed in the instant case, plaintiffs could not have rightfully complained about lack of proper notice. Trial courts must carefully ascertain that all counsel of record receive notice of the court's disposition, memoranda or orders so that the due process rights of all parties are not violated.

The record indicates the July 20 order was drafted by an attorney for United. We attempted to determine at oral argument before this court exactly when United's trial attorney obtained knowledge of the court's memorandum and the entry of the July 20 order, and why copies of such documents were not immediately forwarded to counsel for plaintiffs. Unfortunately, the trial attorney was not available in court and United's appellate counsel could not provide this information. Yet, these are facts the trial court should have been interested in and could have ascertained before disposing of the section 72 petition.

Once opposing counsel became aware on or before July 27, 1982, that such a dispositive order had been entered, they were clothed with the professional responsibility to not only *promptly* inform their opponents of the order and its content, but also to *promptly* send plaintiffs' counsel a copy of the order and to provide an affidavit or other support confirming that such copy was, in fact, sent. See *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 433, 361 N.E.2d 36, *appeal denied* (1977), 66 Ill. 2d 628.

However, in light of plaintiffs' procrastinative conduct in this matter, we are left with no other choice than to affirm the denial of plaintiffs' section 72 petition.

It "is well established that a litigant has to follow the progress of his case [citation], and inadvertent failure to do so is not a ground for relief [citation]." (*Stallworht v. Thomas* (1980), 83 Ill. App. 3d 747, 751.) Section 72 does not afford a remedy to relieve a litigant of the consequences of his lawyer's negligence. (*American Consulting Association, Inc. v. Spencer* (1981), 100 Ill. App. 3d 917, 922.) The following periods of delay in filing section 72 petitions have been regarded

by Illinois courts as constituting such a lack of due diligence as to justify denial of the requested post-judgment relief: *Westphall v. Trailers, Campers, Campgrounds, Inc.* (1979), 76 Ill. App. 3d 205, 392 N.E.2d 741, *appeal denied* (1979), 79 Ill. 2d 624 (delay of approximately two months); *Department of Public Works & Buildings v. O'Hare International Bank* (1976), 44 Ill. App. 3d 934, 358 N.E.2d 1308 (delay of slightly more than three months).

Regarding the instant matter, plaintiffs' petition was not filed in the law division of the circuit court of Cook County until December 9, 1982, well over three months after they admittedly became aware of the entry of the dismissal order. In fact, plaintiffs concede that they were not precluded from filing their petition at an earlier date, and that they could have discovered the existence of the July 20 order sooner had they inquired of either the trial court or defendants.

■ In essence, the totality of facts evidence in the case at bar attest to a lack of due diligence on the part of plaintiffs in filing their petition for section 72 relief. Plaintiffs argue that a meritorious claim was stated by focusing the court's attention on the fact of its "glaring oversight" in considering *Mowatt v. City of Chicago* (1920), 292 Ill. 578, 127 N.E. 176, to be dispositive of the motion to dismiss their complaint. In *Mowatt*, the supreme court held that where an action is brought upon a mere implied understanding, the five-year statute of limitation applied. (*Mowatt v. City of Chicago* (1920), 292 Ill. 578, 582.) This argument lacks merit since the essence of a section 72 petition "is addressed to errors of fact, not law." *In re Charles S.* (1980), 83 Ill. App. 3d 515, 517, 404 N.E.2d 435, *appeal denied* (1980), 81 Ill. 2d 594.

The disposition of a section 72 petition rests within the sound discretion of the trial court. (*Tatosian v. Graudins* (1980), 86 Ill. App. 3d 661, 664, 408 N.E.2d 231.) Since plaintiffs did not prove their right to the relief sought by a preponderance of the evidence, we find no abuse of discretion here which would otherwise necessitate reversal of the trial court's decision not to vacate its order of dismissal.

### III

Plaintiffs' next claim or error concerns the trial court's dismissal of their complaint with prejudice on the grounds that it was barred on its face by the applicable statute of limitations. Specifically, plaintiffs assert that an action for breach of an implied warranty of habitability is governed by the 10-year period of limitations for actions on written contracts. (Ill. Rev. Stat. 1981, ch. 110, par. 13—206.)[5] Defendants, on

---

[5]Formerly known as section 16 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 17).

the other hand, maintain that such a suit is governed by the five-year period of limitations for actions on oral contracts or for property damage. Ill. Rev. Stat. 1981, ch. 110, par. 13—205.[6]

In *Altevogt v. Brinkoetter* (1981), 85 Ill. 2d 44, 421 N.E.2d 182, our supreme court was confronted with the identical issue. Although it was acknowledged that this question has not received a uniform answer in the courts of other States, the *Altevogt* court held that "[i]t need not be resolved here, however, for the plaintiffs agree in their brief that the case should be governed by the five-year period." (85 Ill. 2d 44, 49.) Therefore, we shall resolve this interesting question of law which, heretofore, has not received an expository answer in Illinois.

The implied warranty of habitability is a judicial innovation which evolved, as a matter of public policy, to protect purchasers of new houses upon discovery of latent defects in their homes. (*Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 183, 441 N.E.2d 324.) This implied warranty existing between builder-vendors and purchasers has been extended so as to also exist between developer-vendors and condominium purchasers. *Herlihy v. Dunbar Builders Corp.* (1980), 92 Ill. App. 3d 310, 315, 415 N.E.2d 1224; *Tassan v. United Development Co.* (1980), 88 Ill. App. 3d 581, 587, 410 N.E.2d 902, *appeal denied* (1981), 82 Ill. 2d 588.

Our supreme court has consistently held that the warranty of habitability does not arise as a result of the execution of a deed; rather, it exists *independently* as an undertaking collateral to the covenant to convey. (*Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 41, 389 N.E.2d 1154; *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 183.) As long ago as 1892, it was judicially determined that an action on an implied undertaking, arising by virtue of a written agreement, constitutes an action on an unwritten contract and, consequently, must be brought within the five-year limitation period. (*Knight v. St. Louis, Iron Mountain & Southern Ry. Co.* (1892), 141 Ill. 110, 115, 30 N.E. 543.) As a result, Illinois courts have applied the 10-year limitation period "only when a cause of action is *upon* a contract in writing or *upon* other evidences of indebtedness in writing." (Emphasis added.) *Bates v. Bates Machine Co.* (1907), 230 Ill. 619, 622, 82 N.E. 911; see also *Ames v. Crown Life Insurance Co.* (1980), 85 Ill. App. 3d 203, 207, 406 N.E.2d 222.

In the recent Illinois decision of *Briarcliffe West Townhouse Owners Association v. Wiseman Construction Co.* (1983), 118 Ill. App. 3d

---

[6]Formerly known as section 15 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 16).

163, 172, 454 N.E.2d 363, it was held that a townhouse owner's association had standing to bring an action against a developer because the suit was filed within "[t]he five-year statute of limitations *applicable* to an implied warranty of habitability." (Emphasis added.) Thus, contrary to plaintiffs' claim here, a review of Illinois decisional law did not mandate application by the lower court of the 10-year limitation period governing actions on written contracts.

■ In filing their class action for breach of an implied warranty of habitability, plaintiffs sought judgment in a sum sufficient to compensate them for the damages they allegedly sustained. They did not seek enforcement of any specific provisions of their written contracts for sale; rather, their suit was premised upon an alleged breach of defendants' implied undertaking collateral to the covenant to convey. It is our opinion, therefore, that the trial court properly dismissed plaintiffs' complaint on the grounds that it was barred by the five-year limitation period governing actions on implied contracts. We find direct support for our conclusion in the recent decision of *Lato v. Concord Homes, Inc.* (Mo. App. 1983), 659 S.W.2d 593. In *Lato*, the Missouri Court of Appeals held that a breach of implied warranty of habitability claim was governed by the five-year limitation period applicable to actions based upon breach of incidental or implied terms of a contract,[7] as opposed to the 10-year limitation period applicable to actions based upon written contracts.[8] 659 S.W.2d 593, 594.

## IV

The final issue for consideration concerns the propriety of an alleged denial of plaintiffs' requests on July 8, 1982, and December 9, 1982, for leave to file their first amended complaint.

## A

Regarding the averred denial of the July 8 request, the only evidence in the record of the trial court's reasons in support thereof is an undated memorandum written by the court in connection with the motion filed by Westinghouse to dismiss plaintiffs' complaint. The last sentence of section I of this memorandum recites that: "[T]he court will not entertain a motion to amend w/o a tender of the amended complaint."

■ We regard this particular ruling to be correct. A trial court's refusal to grant leave to amend cannot constitute an abuse of discre-

---

[7]Mo. Rev. Stat. sec. 516.120 (1978).

[8]Mo. Rev. Stat. sec. 516.110 (1978).

tion where no amendment is presented with the motion, and where no specific indication is given to the court as to the contents of the proposed amendatory document. *Botti v. Avenue Bank & Trust Co.* (1982), 103 Ill. App. 3d 1052, 1055, 432 N.E.2d 295, *appeal denied* (1982), 91 Ill. 2d 558.

### B

Pertaining to the alleged denial of the December 9 request, the transcript of record for the hearing held on that date does not indicate a disallowance of leave to amend; rather, the only reference to this proposed amendatory pleading is a comment made by the trial court that: "The first amended complaint, of course, is something that would have to be decided even beyond that point [February 15, 1983]." There is no further indication of any activity, much less consideration, of the amended complaint until August 19, 1983—the date on which it was filed with the clerk of the circuit court of Cook County. This occurred over five months after plaintiffs filed the notice of appeal.

It is uncontroverted that every appellant has the duty of presenting to a reviewing court the entire record of trial proceedings so that an informed review of the issues can be made. (*Marshall E. Winokur, Ltd. v. Shane* (1980), 89 Ill. App. 3d 551, 552, 411 N.E.2d 1142; *In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 155, 376 N.E.2d 259.) Since error is never presumed by a court of review (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 241, 242 N.E.2d 237), any doubt arising from the incompleteness of the record must be resolved against the appellant (*In re Marriage of Macaluso* (1982), 110 Ill. App. 3d 838, 846, 443 N.E.2d 1).

■ Regarding the case at bar, plaintiffs have failed to provide this court with a single reference to the record evincing both the averred denial of leave to amend, as well as the facts upon which it was premised. We are therefore required to assume that such facts were sufficient to support the alleged disallowance. *In re Estate of Rice* (1982), 108 Ill. App. 3d 751, 762, 439 N.E.2d 1264; *In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 155.

For the reasons set out herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P.J., and PERLIN, J., concur.