SECOND DIVISION

March 19, 2002

No. 1-00-0230

LASALLE NATIONAL TRUST, N.A., ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) 

)

JEROME S. LAMET and STEPHANIE KANWIT, ) Honorable

) Loretta C. Douglas,

Defendants-Appellees. ) Judge Presiding.

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff LaSalle National Trust, N.A. (LaSalle), filed a complaint for unpaid rent against defendants Jerome Lamet and Stephanie Kanwit, tenants who had rented office space from LaSalle.  Defendants counterclaimed, seeking reformation.  After years of court hearings and transfers, the trial court dismissed the cause for want of prosecution.  LaSalle filed a motion to quash the dismissal order as void.  The court denied the motion.  LaSalle now appeals, asking that this cause be remanded for further proceedings.

Initiated in 1993, this cause was eventually assigned to Judge Loretta Douglas of the Cook County Circuit Court, Law Division, on March 31, 1998, "for all purposes, including supervision of discovery, hearing any and all dispositive motions, the scheduling of trial and trial."  According to LaSalle, no date was set for appearance, status or hearing.  On April 17, 1998, again according to LaSalle, Judge Douglas entered an order dismissing LaSalle's cause "for want of prosecution" without providing notice to either party and outside their presence in court.

In order to protect their counterclaims, defendants filed a motion to vacate the April 1998 dismissal on June 1, 1998.  Defendants never served LaSalle or filed notice for hearing on this motion; therefore, it was never heard by the court.  However, on August 26, 1998, defendants received notice that LaSalle had filed a petition to quash the April 1998 dismissal for lack of due process, which was based upon LaSalle's claim that neither party had received notice of that hearing.  LaSalle's petition was heard on August 31, 1998, with both parties present in court.  Judge Douglas determined that since more than 30 days had passed since the entry of the dismissal she had no jurisdiction to hear this petition and recommended to LaSalle that it "serve notice as required for Relief from Judgment."  We do not address whether the trial court had jurisdiction to consider the "petition to quash" on August 31, 1998, because LaSalle never appealed that ruling.

LaSalle never filed or served notice for Relief from Judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 1998)), as the court had instructed.  Instead, LaSalle chose to file a second petition to quash the April 1998 dismissal, again claiming it was void for lack of due process.  LaSalle, however, did not file this second petition until June 1999, 14 months after the court entered the April 1998 dismissal and 10 months after the court specifically told LaSalle on August 31, 1998, to proceed under the provision for relief from judgment.  Judge Douglas, presiding over LaSalle's second petition to quash, allowed a full briefing and oral arguments.  On December 16, 1999, she denied LaSalle's petition and finally disposed of the case, finding that LaSalle "failed to act with the requisite due diligence in filing its section 2-1401 petition for relief and in bringing it for hearing."

LaSalle appeals from both the April 1998 dismissal for want of prosecution and the December 1999 denial of its second petition to quash.  LaSalle first contends that the April 1998 dismissal was void for lack of notice to the parties, a violation of procedural due process.  Second, LaSalle contends this void order may be quashed at any time, without having to pursue relief under section 2-1401.  Consequently, LaSalle claims, the trial court should have quashed the April 1998 dismissal, and we, in turn, should reverse the trial court's order of December 1999 thereby remanding this cause for further proceedings.  We disagree.

LaSalle's first claim that the April 1998 dismissal order was void for lack of notice is incorrect for the following reasons: (1) the record suggests that the parties were given notice to appear by court order; and (2) even if the order was entered without notice, it would not be void but only voidable.

We first observe that LaSalle's claim that "all parties as well as the trial court herein" acknowledge that no notice was given is unsupported by any citation to the record.  In fact, the record suggests that notice to appear was given.  This is shown by the order entered by Judge Douglas on April 17, 1998, which states, "This cause coming on for status, the Court finds and orders as follows: This cause is dismissed for want of prosecution for failure of Plaintiff(s) to appear pursuant to prior Court order."  Thus, the order entered by Judge Douglas states that LaSalle failed to appear pursuant to prior court order.  There is also evidence in the record that on March 31, 1998, the matter was set for a status hearing in front of Judge Douglas on April 17, 1998.  This is shown by an exhibit attached to an affidavit prepared by LaSalle's attorney.  That exhibit, labeled H, contains a computerized printout of the history of this case while pending in the law division.  That printout not only shows that on March 31, 1998 the case was assigned to Judge Douglas, the printout also shows that on that same date Judge Douglas set the case on the status call for April 17, 1998.

Moreover, in the December 16, 1999 order denying LaSalle's petition to quash, Judge Douglas states that it is LaSalle's claim "that it received no further notice from this Court or the County Clerk's office as to the dates for status or hearing, even though [it] is the custom and practice of the assignment court room [to give such notice]."  Although Judge Douglas acknowledged that the parties claimed that they were not notified, her order does not give any credence to this claim.  

The parties do not dispute that the case was assigned to Judge Douglas on March 31, 1998.  There is also no dispute that LaSalle was notified to appear in the assignment room on March 31, 1998, but it did not do so.  Additionally, in the December 1999 order, denying LaSalle's petition to quash, Judge Douglas indicated that she "dismissed this matter for want of prosecution for failure of Plaintiff to appear pursuant to Court Order."  From our review of the record, it appears that the case was 
set
 for status on April 17, 1998 and LaSalle failed to appear, just as it had on March 31, 1998.

Assuming 
arguendo
 that the April 17, 1998 order was entered without notice, the order would not be void.  While LaSalle is correct when it states a void order is subject to attack at any time, the question of

"whether a judgment is void or voidable depends on whether the court entering the challenged order possessed jurisdiction over the parties and the subject matter. [Citation.]  If jurisdiction is lacking, any subsequent judgment of the court is rendered void and may be attacked collaterally. [Citation.] 'Judgments entered in a civil proceeding may be collaterally attacked as void only where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties.' [Citation.]  A voidable judgment, however, is one entered erroneously by a court having jurisdiction and is not subject to collateral attack. [Citation.]  Once a court has acquired jurisdiction, an order will not be rendered void merely because of an error or impropriety in the issuing court's determination of the law. [Citations.]"  
In re Marriage of Mitchell
, 181 Ill. 2d 169, 174, 692 N.E.2d 281 (1998).

In this case LaSalle contends that the order was void because it was entered without notice.  LaSalle does not suggest that the  court lacked jurisdiction over the parties or the subject matter.  It simply claims that there was no notice given.  However, there is no question that the circuit court had jurisdiction in this matter.  Therefore, even if the order was entered without notice, which we do not find, the order was voidable, not void.

Moreover, we have previously held that the " 'failure to notify plaintiff that [a] dismissal order ha[s] been entered [does] not make the order void.' " 
Cooper v. United Development Co.
, 122 Ill. App. 3d 850, 854, 462 N.E.2d 629 (1984), quoting 
Watts v. Medusa Portland Cement Co.
, 132 Ill. App. 2d 227, 230, 268 N.E.2d 721 (1971).  In 
Watts
 we specifically held that a dismissal for want of prosecution based upon the failure to give notice did not make the order void.  
Watts
, 132 Ill. App. 3d at 230.

Our decision in 
Cooper
 is also illustrative.  There, the plaintiffs claimed that because they did not receive notice from the trial court of an order dismissing their complaint, the order was void.  While this court agreed that the plaintiffs never received notice, we refused to void the trial court's order.  Instead, this court declared that it was the plaintiffs' duty to follow the progress of their own cause, and although the trial court's failure to notify them was improper, the order of dismissal was still valid.  
Cooper
, 122 Ill. App. 3d at 856-57.

The instant case is very similar to 
Cooper
 and merits the same conclusion.  Though it would have been improper for the trial court to enter the dismissal for want of prosecution on April 17, 1998, without providing notice to LaSalle, that failure, even if it occurred, does not render the order void.  LaSalle had a duty to control its own litigation and follow the progress of its own cause of action.  
Smith v. Airoom, Inc.
, 114 Ill. 2d 209, 227, 499 N.E.2d 1381 (1986); see also 
S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander
, 181 Ill. 2d 489, 506, 693 N.E.2d 338 (1998) (the choice of whether and when to refile a cause after suffering a dismissal for want of prosecution lies with the plaintiff).  

In fact, LaSalle did have notice quite early in this cause, providing it with enough time to do what was legally necessary to vacate the dismissal.  Defendants here, who seem to suggest that they were not given notice of the April 1998 dismissal, certainly knew about it by June 1998, when they filed a motion to have it vacated in order to protect their counterclaims.  Comparatively, that LaSalle may claim it did not "know" of the dismissal at this time shows it was lax in its duty to stay apprised of its cause.  Moreover, the record reveals that LaSalle must have known of the April 1998 dismissal as early as August 26, 1998, when defendants received notice that LaSalle filed a petition to quash that dismissal.  Furthermore, it is clear that LaSalle had actual knowledge of the dismissal by August 31, 1998, when LaSalle was undeniably present in court arguing that petition.  Therefore, though LaSalle may not have received notice that a hearing was to be held in April 1998, it did know at least by August 1998, only four months later, that a dismissal for want of prosecution had been entered.  LaSalle cannot hide behind its procrastination and claim an order affecting its case was void simply because the trial court did not provide notice.  See 
Cooper
, 122 Ill. App. 3d at 856-57.

Because the April 1998 dismissal was not void, LaSalle's second contention that we must reverse the trial court's December 1999 order and quash the dismissal is also incorrect.  Generally, dismissal of a plaintiff's cause for want of prosecution is not a final and appealable order.  
Marren Builders, Inc. v. Lampert
, 307 Ill. App. 3d 937, 941, 719 N.E.2d 117 (1999).  This is because a plaintiff is afforded the legal remedy of refiling his cause within one year of the entry of the dismissal or within the remaining period of limitations, whichever is greater.  735 ILCS 5/13-217 (West 1998).  However, the Illinois Supreme Court has fashioned an exception to this general rule.  Once a plaintiff's opportunity to refile under section 13-217 has expired, the dismissal for want of prosecution concludes the litigation between the parties and becomes a final and appealable order.  
S.C. Vaughan Oil Co.
, 181 Ill. 2d at 509.  

A plaintiff who chooses not to pursue his legal remedy of refiling under section 13-217 within the time allowed (thereby making the dismissal for want of prosecution a final order), but who still seeks to vacate that dismissal, must petition the trial court under the legal remedy provided in section 2-1401.  
S.C. Vaughan Oil Co.
, 181 Ill. 2d at 506-07.  In order to receive relief from the dismissal under this section, the petitioner must set forth facts demonstrating (1) the existence of a meritorious claim or defense; (2) due diligence in presenting that claim or defense in the original action; and (3) due diligence in filing the actual section 2-1401 petition for relief.  
S.C. Vaughan Oil Co.
, 181 Ill. 2d at 496, citing 
Smith
, 114 Ill. 2d at 220-21.  Whether a section 2-1401 petition is granted is within the sound discretion of the trial court.  
Smith
, 114 Ill. 2d at 221; 
Cooper
, 122 Ill. App. 3d at 857.  Therefore, its decision will not be disturbed unless the trial court abused its discretion.  
Marren Builders, Inc.
, 307 Ill. App. 3d at 941; 
Kaput v. Hoey
, 124 Ill. 2d 370, 378, 530 N.E.2d 230 (1988).

In the instant case, the trial court dismissed LaSalle's cause for want of prosecution on April 17, 1998.  LaSalle's legal remedy at this point was to refile the cause under section 13-217 sometime on or before April 19, 1999, one year after the entry of the dismissal (April 19, 1999, falling on Monday).  However, LaSalle chose not to refile its cause.  Instead, LaSalle filed a petition to quash the April 1998 dismissal in August 1998.  Because 30 days had passed since the April dismissal, the court  held, with both parties present, that it had no jurisdiction to consider the petition to quash.  However, the court specifically recommended that LaSalle next seek relief under section 2-1401.  Again, we need not address the trial court's August 1998 ruling because LaSalle never challenged it.

In August 1998, instead of either refiling the cause (since the one year limit under section 13-217 had not expired), or following the court's suggestion, LaSalle did nothing.  It chose to wait until June 1999 to proceed, some 14 months after the April 1998 dismissal and 10 months after the court told LaSalle to file a petition for relief.  Moreover, by June 1999, the section 13-217 one year limit had clearly expired.  Thus, the only legal remedy then open to LaSalle to vacate the dismissal for want of prosecution was, as the court had suggested in August 1998, to file a section 2-1401 petition for relief.  And yet, instead of doing this, LaSalle chose to file a second petition to quash the April 1998 dismissal.

Because by June 1999, more than one year had passed since the April 1998 dismissal, LaSalle was obligated to meet the requirements of a section 2-1401 petition if it wanted relief.  On December 16, 1999, the trial court found that while LaSalle had a meritorious claim, which originated in 1993, and exhibited due diligence in initially filing its complaint, it did not meet the requirement of due diligence in filing a section 2-1401 petition and bringing it before the court.  LaSalle waited 10 months, from August 1998 to June 1999, to do anything regarding its cause, after the court specifically told it what procedure to follow.  Illinois case law strongly indicates that a delay of such length is unacceptable.  See 
In re Marriage of Delk
, 281 Ill. App. 3d 303, 308-09, 328 N.E.2d 85 (1996) (eight month delay unjustified); 
Salazar v. Wiley Sanders Trucking Co.
, 216 Ill. App. 3d 863, 872-73, 576 N.E.2d 552 (1991) (nine month delay unjustified); 
Cooper
, 122 Ill. App. 3d at 856-57 (over three month delay unjustified); 
American Reserve Corp. v. Holland
, 80 Ill. App. 3d 638, 644-45, 400 N.E.2d 102 (1980) (two month delay unjustified).  Therefore, in light of the record, we find no reason to disturb either the trial court's April 17, 1998, dismissal for want of prosecution or its December 16, 1999, order denying LaSalle's petition to quash that dismissal.

Accordingly, the judgment of the trial court is affirmed.  We also reject defendants' request for sanctions against LaSalle.

Affirmed.

GORDON and CAHILL, JJ., concur.